```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION

CARL WAYNE STEWART,             §
                                §
     Plaintiff,                 §
                                §
v.                              §    CIVIL ACTION No. H-07-0036
                                §
UNITED STATES OF AMERICA,       §
                                §
     Defendant.                 §
```

ORDER

Pending are Plaintiff Carl Wayne Stewart's Motion for Recusal (Document No. 37), Motion to Compel Arbitration (Document No. 29), Motion for Relief from Judgment (Document No. 38), and Defendant United States of America's Motion to Dismiss (Document No. 40).

First, Plaintiff moves for recusal, asserting that the undersigned judge "cannot be an impartial arbiter of his case," based on vague, unsubstantiated, and mistaken allegations of bias and fraud.  Document No. 37.  There is no factual support for his contentions, and Plaintiff has not shown that a reasonable person would harbor doubts regarding the judge's impartiality.  See Levitt v. Univ. of Tex. at El Paso, 847 F.2d 221, 226 (5th Cir. 1988); 28 U.S.C. § 455.  The motion is therefore DENIED.

Plaintiff also moves to compel the Government to arbitrate. Document No. 29.  Parties may be compelled to arbitrate only if they agreed to arbitrate the dispute in question.  See Mitsubishi

Motors Corp. v. Soler Chrysler-Plymouth, Inc., 105 S. Ct. 3346 (1985)("[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute."); JP Morgan Chase & Co. v. Conegie ex rel. Lee, 492 F.3d 596 (5th Cir. 2007)(listing as the first considerations, "'(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement'")(quoting Will-Drill Res., Inc. v. Samson Res. Co., 352 F.3d 211, 214 (5th Cir. 2003)). Because the record reflects no such agreement to arbitrate, the motion is DENIED.

Additionally, Plaintiff moves for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(3), challenging an Order dated August 8, 2007, in which the Court denied Plaintiff's "Motion for Reconsideration of the Magistrate Judge's Order Denying Motion for a Challenge to the AG scope of Employment." Document No. 38. The availability of relief Rule 60(b) is limited to "final" judgments or orders. *See* FED. R. CIV. P. 60(b)(listing grounds upon which a court "may relieve a party . . . from a *final* judgment, order or proceeding")(emphasis added); *see also* Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 871 (5th Cir. 1989)("Rule 60(b) . . . does not afford relief from interim or interlocutory judgments."). An order is "final" for purposes of Rule 60(b) if it "reflects the intention of the judge to dispose of all the business before

him . . . ."  Vaughn v. Mobil Oil Exploration & Producing Se., Inc., 891 F.2d 1195, 1197 (5th Cir. 1990).  Here, the Order neither disposed of the case nor was it intended to do so--indeed, it did not involve the merits of the case.  Relief pursuant to Rule 60(b) is therefore unavailable, and Plaintiff's motion is DENIED.

Finally, Defendant United States of America moves to dismiss the complaint, contending that Plaintiff's action for medical malpractice under the Federal Tort Claims Act is "legally unsupportable" and should be dismissed.  Document No. 40.  Defendant's motion is based on facts outside of the complaint, namely, Plaintiff's failure timely to designate an expert witness.  Document No. 40 at 2-3.  Given that Defendant does not identify, and its arguments do not implicate, any basis for dismissal pursuant to Rule 12(b) that would permit consideration of matters extraneous to the pleading, the Court must treat the motion as one for summary judgment and dispose of it as required by Fed. R. Civ. P. 56.  See Washington v. Allstate Ins. Co., 901 F.2d 1281, 1283-84 (5th Cir. 1990); see also Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir. 1998)("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment.").  Accordingly, the motion will be converted to one for summary judgment.  The parties are given notice to present

all additional materials, if any, pertinent to a Rule 56 motion within twenty-one (21) days after the entry of this Order.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 25th day of September, 2007.

                              _____
                                      EWING WERLEIN, JR.
                                   UNITED STATES DISTRICT JUDGE