```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION


CARL WAYNE STEWART,                §
                                   §
     Plaintiff,                    §
                                   §
v.                                 §    CIVIL ACTION No. H-07-0036
                                   §
UNITED STATES OF AMERICA,          §
                                   §
     Defendant.                    §
```

MEMORANDUM AND ORDER

Pending are Defendant United States of America's Motion to Dismiss (Document No. 40), which the Court by Order dated September 25, 2007 (Document No. 42), converted to a Motion for Summary Judgment, and *pro se* Plaintiff Carl Wayne Stewart's Motion to Compel Arbitration and Stay the Proceeding Pending the Arbitration (Document No. 45). This is a medical malpractice case brought under the Federal Tort Claims Act, 28 U.S.C. § 2674, based on the alleged failure of medical providers at the Veteran's Administration Medical Center ("VAMC") to obtain Plaintiff's informed consent before performing an "invasive procedure." Document No. 1.

First, Plaintiff's motion to compel arbitration and stay the proceeding pending arbitration contends that the Government is required to arbitrate his FTCA claim. Document No. 45. For the

reasons stated in this Court's Order dated September 25, 2007, denying Plaintiff's prior motion to compel arbitration, this motion also is denied.

Second, the Government contends that Plaintiff's failure to designate expert witnesses within the time allowed renders him unable as a matter of law to meet his burden of establishing that the VAMC breached the applicable standard of care. Document No. 40 at 2. "The FTCA authorizes civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred," in this case, Texas. Quijano v. United States, 325 F.3d 564, 567 (5th Cir. 2003)(citing 28 U.S.C. §§ 1346(b)(1), 2674); *see also* Johnson v. Sawyer, 47 F.3d 716, 727 (5th Cir. 1995)(en banc). Under Texas law, malpractice suits based on failure to obtain informed consent require proof of "negligence in failing to disclose the risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent." TEX. CIV. PRAC. & REM. CODE ANN. § 74.101.

A negligence action based on lack of informed consent consists of the following elements: "(a) the existence of a duty, (b) the breach of that duty, (c) that the failure to obtain informed consent was a proximate cause of the injury, and (d) damages." Hollis v. United States, 323 F.3d 330, 335 (5th Cir. 2003). A

plaintiff must present expert testimony to establish "that the medical condition complained of is a risk inherent in the medical procedure performed" and "'to all other facts concerning the risk which show that knowledge of the risk could influence a reasonable person in making a decision to consent to the procedure.'" Barclay v. Campbell, 704 S.W.2d 8, 9 (Tex. 1986)(quoting Peterson v. Shields, 652 S.W.2d 929, 931 (Tex. 1983)); see also Edwards v. Garcia-Gregory, 866 S.W.2d 780, 784 (Tex. App.--Houston [14th Dist.] 1993, writ denied)(noting the necessity of expert testimony in an informed consent case).

Pursuant to the Docket Control Order dated May 18, 2007, Plaintiff was required to identify his expert witnesses by August 18, 2007. Document No. 14. To date, he has not done so. Although the deadline has long since passed, Plaintiff neither asserts grounds to excuse this failure, nor has he moved to extend the time for disclosure. Instead, as best the Court can determine, Plaintiff argues that the Government itself did not provide an expert witness list, contends summary judgment should be denied on the grounds that the Government has not presented authenticated and/or competent expert testimony in support of its motion, and conclusorily asserts the existence of genuine issues of material fact. Document No. 43 at 1-2; Document No. 44 at 2.

The Government, as the moving party, "need not support its motion with affidavits or other evidence . . . ." Pavone v. Miss.

3

Riverboat Amusement Corp., 52 F.3d 560, 565 (5th Cir. 1995). But to defeat summary judgment, Plaintiff "must present evidence sufficient to establish the existence of each element of his claim as to which he will have the burden of proof at trial." Id. Bald assertions that fact issues exist do not suffice. *See* Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998) (citing Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2514-15 (1986)). Without the required expert testimony, Plaintiff cannot sustain his burden of proving that the VAMC breached the applicable standard of care by failing to obtain his informed consent. "In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). Because Plaintiff's unexcused failure timely to designate experts forecloses his ability to prove the VAMC breached its duty to him, the Government is entitled to summary judgment on Plaintiff's FTCA claim.

It is therefore ORDERED that Plaintiff Carl Wayne Stewart's Motion to Compel Arbitration and to Stay the Proceedings Pending the Arbitration (Document No. 45) is DENIED, Defendant United States of America's Motion to Dismiss (Document No. 40), as converted by Order dated September 25, 2007 (Document No. 42) to a

Motion for Summary Judgment, is GRANTED, and Plaintiff Carl Wayne Stewart's claims are DISMISSED on the merits.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this <u>24th</u> day of October, 2007.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE